# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS McCOLLUM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. A. YATES, et al.,<br><br>　　　　Defendants.<br>_____/ | 1:10-cv-00416 GSA PC<br><br>ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS<br><br>ORDER VACATING ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS<br>(Doc. 4.)<br><br>ORDER VACATING ORDER DIRECTING CDCR TO COLLECT FILING FEE PAYMENTS FOR THIS ACTION<br>(Doc. 4.)<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $350.00 FILING FEE IN FULL<br><br>ORDER FOR CLERK TO CLOSE CASE |

　　　Plaintiff a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 9, 2010.    Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

　　　Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Plaintiff is subject to section 1915(g)

and is precluded from proceeding in forma pauperis unless he is, at the time the complaint is filed, under imminent danger of serious physical injury.

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation, brings this civil rights action against correctional officials employed by the CDCR at Pleasant Valley. Plaintiff claims that defendants are preventing him from exercising his religious beliefs, in violation of the First Amendment. Specifically, Plaintiff alleges that he is not being able to participate in certain Native American spiritual exercises. Plaintiff also alleges that defendants are subjecting Plaintiff to age discrimination. Plaintiff does not allege any facts indicating that he is in imminent danger of serious physical injury.

Plaintiff has, on three or more prior occasions, suffered dismissals on the ground that Plaintiff failed to state a claim upon which relief can be granted, or that Plaintiff's claims were frivolous or malicious. In case number 98-0280 BTM (CGA), McCollum v. Garcia, S.D. Cal. 1998), the District Court noted the following:

> In McCollum v. Gard, Civil Case Nol S-92-0668, Magistrate Judge John F. Moulds granted Plaintiff's request to proceed in forma pauperis and dismissed his complaint as malicious pursuant to 28 U.S.C. § 1915(d).[1] Judge Moulds found that Plaintiff's factual contentions were "baseless and do not support a claim of deliberate indifference" and that the complaint was malicious to the extent it duplicated claims against the same parties which were previously dismissed.[2] Judge Moulds granted Plaintiff 30 days leave to file an amended complaint. On April 26, 1994, Judge Moulds issued Findings and Recommendations pursuant to 28 U.S.C. §636(b)(1) that Plaintiff's action be dismissed for failing to file an amended complaint. On June 13, 1994, District Judge David F. Levi adopted Judge Moulds' April 16, 1994 Findings and Recommendations in full and dismissed the action. The Court finds that this dismissal constitutes a "prior occasion" for purposes of 28 U.S.C. § 1915(g) and it counts as "strike one."
>
> In McCollum v. Gomez, Civil Case No. S-95-0465, Magistrate Judge John F. Moulds dismissed Plaintiff's first amended complaint as frivolous pursuant to 28 U.S.C. § 1915(d). Judge Moulds found Plaintiff's complaint to "lack an arguable basis in either law or fact"

---

[1] Before the enactment of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(d) provided that a court "may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

[2] A district court may dismiss a complaint as frivolous or if it "merely repeats pending o previously litigated claims." Cato v. United States, 70 F.3d 1103, 1005 n.2 (9th Cir.l 1995)(citations omitted).

because he failed to sufficiently plead acts specifically attributable to the Director of the Department of Corrections, the only named defendant. After setting forth the applicable law regarding respondeat superior and causation under 42 U.S.C. § 1983, the court granted Plaintiff 30 days leave to file a second amended complaint. Judge Moulds issued Findings and Recommendations that the action be dismissed because Plaintiff failed to file a second amended complaint or otherwise respond to the court's June 28, 1995, Order. Judge Moulds also advised Plaintiff of his right to file written objections pursuant to 28 U.S.C. § 636(b)(1). On September 26, 1995, District Judge Lawrence K, Karlton adopted Judge Moulds' Findings and Recommendations in full and dismissed the action. The Court finds that this dismissal constitutes a "prior occasion" for purposes of 28 U.S.C. § 1915(g) and counts it as "strike two."

Finally, in McCollum v. Gomez, Civil Case No. S-95-1151, Magistrate Judge John F. Moulds dismissed Plaintiff's first amended complaint as frivolous pursuant to 28 U.S.C. § 1915(d). In so doing, the court took judicial notice of its own records of Plaintiff's previous litigation history and found that the allegations being raised were "virtually identical" to those raised against the same defendants in another case (E.D. Cal. Civil Case No. S-95-1444 LKK JFM P). Judge Moulds thus found the case was frivolous because of its "duplicative nature" and advised Plaintiff of his right to file written objections pursuant to 28 U.S.C. § 636(b)(1). On December 7, 1995, District Judge Garland E. Burrell adopted Judge Moulds' Oct. 19, 1995 Findings and Recommendations in full and dismissed the action. The Court also finds that this dismissal constitutes a "prior occasion" for purposes of 28 U.S.C. § 1915(g) and counts it as "strike three."

The District Court therefore ruled that Plaintiff was not eligible to proceed in forma pauperis unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[3]

The Court has reviewed Plaintiff's complaint and finds that Plaintiff does not meet the imminent danger exception. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Because Plaintiff alleges no facts supporting a finding that he is under imminent danger of serious physical injury, Plaintiff is ineligible to proceed in forma pauperis in this action.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's in forma pauperis in this action is REVOKED;

2. The Court's order granting Plaintiff's application to proceed in forma pauperis, entered on March 12, 2010, is VACATED;

---

[3] The court may take judicial notice of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 669 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

3. The Court's order directing payment of the inmate filing fee by the CDCR, entered on March 12, 2010, is VACATED;

4. This action is DISMISSED, without prejudice to refiling with the submission of the $350.00 filing fee in full;

5. The Clerk is directed to CLOSE this case; and

6. The Clerk is directed to SERVE a copy of this order on the Director of the CDCR, via the Court's electronic case filing system.

IT IS SO ORDERED.

Dated:   **January 20, 2012**              /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE